**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEPOSITORS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV00264 ERW |
| | ) | |
| HEARTLAND BANK, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| HEARTLAND BANK, et al., | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV01042 ERW |
| | ) | |
| CHARLES W. RISKE, | ) | |
| DEPOSITORS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

On February 5, 2007, Plaintiff ("Depositors") filed a complaint in this Court seeking declaratory judgment relief in cause number 4:07CV00264 ERW ("case 1"), naming Heartland Bank ("Heartland"), David Austin Seitz and Cherie Ann Seitz as defendants, and demanded a jury trial in a contract action. Heartland filed a Motion to Transfer that case to the Bankruptcy Court on March 23, 2007 [doc. #6]. Depositors, defendant in the United States Bankruptcy Court for the Eastern District of Missouri[1] in case no.05-59471-399, filed a Motion to Withdraw Reference [doc. #1] to the Adversary Proceeding to the Bankruptcy Court under Rule 5011, docketed in 4:07CV01042 ERW ("case 2"). In that motion, Depositors states that on October 14, 2005, debtors Austin David Seitz and Cherie Ann Seitz filed for Chapter 7 relief in the Bankruptcy

---

[1]Hereafter, all references to the Bankruptcy Court shall refer to the United States Bankruptcy Court for the Eastern District of Missouri.

Court. On November 23, 2005, a fire completely destroyed the Seitz house in Labadie, Missouri. Thereafter, the Seitz's, as individuals, the Bankruptcy Trustee and Heartland made claims against Depositors. Within hours after Case 1 was filed, Heartland filed an adversary proceeding alleging breach of contract and vexatious refusal to pay in the Bankruptcy Court. In case 2, Depositors move that the "adversary proceedings' reference to the Bankruptcy Court should be withdrawn . . . because the adversary proceeding is not a core proceeding under 28 U.S.C. §157 and because Depositors does not consent to a jury trial before the Bankruptcy Court. (¶9)." On March 23, 2007, Depositors filed a motion in the Bankruptcy Court requesting that Court dismiss the adversary proceeding or abstain from the adversary proceeding in favor of the District Court, or consolidate the proceeding with the District Court case. After a hearing in the Bankruptcy Court, Depositors' requested relief was, in all respects. denied. Heartland, here, opposes Depositors' Motion to Withdraw Reference.

## ANALYSIS

A bankruptcy judge may hear a proceeding that is not a "core proceeding but that is otherwise related to a case under title 11. . ." 28 U.S.C. §157 (c)(1). The Court finds that the adversary proceeding before the Bankruptcy Court is a non-core proceeding, related to case under title 11. It shares a nexus with the bankruptcy case and will have some conceivable effect on the administration of the Debtor's Estate. *See Williams v. Citifinancial Mortgage Co.,* 256 B.R. 885, 891 (2001). The Court has considered the elements of judicial economy and the economical use of the Debtors' and creditors' resources, and concludes that the Bankruptcy Court is better suited, because of the ongoing proceedings there, to proceed with the adversary proceeding. The Court is aware that Depositors does not consent to a jury trial in the Bankruptcy

Court, and any jury trial conducted will ultimately be tried in the District Court. 28 U.S.C. §157(e).

Under 28 U.S.C. §157(d), this Court recognizes that it has discretion to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown...." Depositors bears the burden of proof to show timeliness of its motion and cause for the withdrawal. *See United States v. Kaplan,* 146 B.R. 500, 503 (D. Mass. 1992). The timeliness requirement was intended to avoid unnecessary delays and costs. The administration of the bankruptcy estate should not be delayed. Generally, a motion is timely if made as promptly as possible in light of the developments in the bankruptcy proceeding or at the first opportunity. *Id.* at 503. Depositors delayed filing its motion to withdraw reference of the adversary proceeding while discovery was exchanged and the Bankruptcy Court entered scheduling orders. The Court finds that Depositors motion to withdraw reference to the adversary proceeding was not timely filed. Additionally, the Court is persuaded that the main issue, resolved in Heartland's favor, is that Depositors has failed to show cause for its motion. The *Kaplan* court referred to *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir. 1985), for instruction in defining "cause." "The district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the use of debtor' and creditors' resources, and expediting the bankruptcy process." Some courts have required a clear showing of cause before withdrawing a case from the able judges of the bankruptcy court, exceptional and compelling circumstances, and a presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court. *Id.* at 504, 505. The Court concludes, as already noted, proceeding in the Bankruptcy Court will foster the economical use of debtors' and creditors' resources.

The Bankruptcy Court can maintain the adversary proceeding, make interlocutory orders and dispositive motion rulings, then transfer the proceedings to the District Court for jury trial in the event that becomes necessary. Depositors' motion to withdraw reference of the adversary proceeding will be denied.

**ACCORDINGLY,**

**IT IS HEREBY ORDERED** that Depositors' Motion to Withdraw Reference [doc. #1] in cause number 4:07CV01042 ERW is **DENIED**.

**IT IS FURTHER ORDERED** that in cause number 4:07CV00264, Defendants' Motion to Transfer Case [doc. #6]; Motion to Dismiss [doc. #7] and Supplemental Motion to Transfer Case [doc. #14] are **DENIED**, as moot. Plaintiff's Motion for Entry of Clerk's Default [doc. #21] shall be directed to the Clerk of Court for ruling.

So Ordered this 24th Day of August, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE